NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1681
_____

UNITED STATES OF AMERICA

v.

JERRY JAY JONES,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cr-00003-001)
District Judge:  Hon. Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
January 13, 2012

Before:  McKEE, *Chief Judge,* FUENTES, and JORDAN, *Circuit Judges*.

(Filed: January 17, 2012)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Jerry Jay Jones appeals the judgment of the United States District Court for the Western District of Pennsylvania sentencing him to 72 months' imprisonment for distributing less than 50 kilograms of marijuana, in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  For the following reasons, we will affirm.

## I.    Background

### A.    *Factual History*

On February 7, 2008, two confidential informants disclosed to the Cambria County Drug Task Force that they could purchase marijuana from Jones.  Thereafter, an undercover officer drove the two informants to Jones's apartment in Johnstown, Pennsylvania, where they paid him $500 for 109 grams of marijuana.  Jones told the informants that he could provide them with more marijuana as needed.

The following day, Jones was arrested with $2,000 in cash, $490 of which was identified as the money used by the confidential informants to purchase the marijuana.  A search warrant was obtained for Jones's apartment, where officers found a scale and six-to-seven ounces of marijuana inside his bedroom.  The marijuana was split into smaller bags and stored in a plastic container and a shoe box inside his closet.  The officers also found a fully-loaded Regent .32 caliber revolver with an obliterated serial number and a box of .32 caliber ammunition on the nightstand, situated approximately nine feet from the drugs.

2

A grand jury later returned a two-count indictment against Jones, charging him with distributing less than 50 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), and possessing a firearm as a convicted felon,[1] in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

B.     *Procedural History*

Jones pleaded guilty to both counts of the indictment, and, on November 16, 2010, the United States Probation Office filed a Presentence Investigation Report ("PSR") assigning Jones a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). That offense level was increased by four levels because Jones possessed a firearm in connection with another felony offense, U.S.S.G. § 2K2.1(b)(6), and it was raised four more because the firearm had an obliterated serial number, U.S.S.G. § 2K2.1(b)(4). Finally, there was a three-level reduction because Jones had apparently accepted responsibility for his crimes, U.S.S.G. §§ 3E1.1(a) and 3E1.1(b). The PSR thus assigned Jones a total offense level of 25.

Based on Jones's prior convictions, the PSR listed a total of ten criminal history points, placing him in criminal history category V. That calculation included three criminal history points because Jones was incarcerated for a September 21, 1991 conviction for simple assault and witness intimidation within fifteen years of the commission of the instant offense and because the maximum sentence for that 1991 conviction exceeded one year and one month. *See* U.S.S.G. § 4A1.1(a) (calling for the addition of three criminal history points for a conviction resulting in a sentence of

---

[1] Jones had a prior felony conviction for aggravated assault.

imprisonment exceeding one year and one month); U.S.S.G. § 4A1.2(e)(1) (applying that enhancement where the prior sentence resulted in the defendant being incarcerated within fifteen years of the commission of the pending offenses).  Jones's criminal history and total offense level resulted in a guideline range of 100 to 120 months' imprisonment.

Jones objected to the PSR on several grounds, two of which are the subject of this appeal.  First, he challenged the four-level enhancement for possession of a firearm in connection with another felony.  Second, he challenged the three-point addition to his criminal history computation.

With respect to Jones's challenge to the offense level, the District Court found that the evidence and testimony "establishe[d] that the defendant possessed the firearm in connection with another felony offense" because "the weapon was in close proximity to the drugs and [had] the potential to facilitate another felony offense."  (App. at 107.) With respect to the criminal history challenge, the District Court found that, "based upon the documents provided[,] the defendant was incarcerated for the subject offense within the 15-year time period."  (*Id.*)

After rejecting Jones's other challenges to the PSR, the District Court sentenced him to 36 months' imprisonment for Count One and 72 months' imprisonment for Count Two, to be served concurrently, followed by concurrent three-year terms of supervised release.

**II.    Discussion**[2]

Jones argues that the District Court erred in applying a four-level enhancement to his sentence for possessing a firearm in connection with a drug trafficking offense. He also argues that the District Court erred in concluding that his prior conviction for simple assault and witnesses intimidation fell within the applicable fifteen-year time period for purposes of adding three points to his criminal history computation. We "review factual findings relevant to the Guidelines for clear error and … exercise plenary review over a district court's interpretation of the Guidelines." *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

*A.    Four-Level Enhancement Pursuant To § 2K2.1(b)(6)*

Jones argues that the gun-related enhancement to his offense level was improper because the government did not prove that he possessed a gun on the day he sold marijuana to the confidential informants. "Proper application of the four-level enhancement under § 2K2.1(b)(6) requires finding, by a preponderance of the evidence, that the defendant used or possessed a firearm; that the defendant committed another felony offense, regardless of whether a criminal charge was brought or a conviction obtained; and that the firearm facilitated, or had the potential of facilitating, the felony offense." *United States v. West*, 643 F.3d 102, 110 (3d Cir. 2011).

According to Jones, because the firearm first came to light on February 8, 2008 when the police executed a search warrant of his home, the enhancement for possessing it

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

in connection with another felony was improper. He claims that even if the firearm had been in his apartment during the February 7 drug transaction, it was in a different, closed room of the apartment, and neither the confidential informants, nor the police, knew of its existence. Thus, he argues, the firearm did not facilitate, and could not have facilitated, his drug offense. Finally, he argues that he possessed the firearm to protect himself, not to facilitate his drug trafficking.[3]

Jones's arguments are unpersuasive. It is undisputed that the firearm was found in the same one-bedroom apartment where he sold marijuana only the day before. Given the physical proximity between the weapon and the drugs discovered during the February 8 search, as well as the temporal proximity of the discovery of the gun to the February 7 marijuana sales, the District Court did not commit clear error in concluding that the weapon facilitated or had the potential of facilitating Jones's drug offense. Jones's arguments that the gun was not actually used in connection with the charged offense are unavailing, as the weapon need only have the potential to be used in connection with a felony offense.[4] *See West*, 643 F.3d at 110 (noting that application of § 2K2.1 only

---

[3] Specifically, Jones's counsel argues that because his mother was slain when he was nine years old, Jones had the "misguided belief that he had to have a gun to protect himself." (Appellant's Opening Br. at 19 (internal quotation marks omitted).)

[4] While the record is unclear as to whether the District Court applied the four-level enhancement to Jones's criminal offense computation in connection with the charged offense of distribution or the uncharged offense of possession with intent to distribute (stemming from the discovery, during the February 8 search, of marijuana packaged for sale), the enhancement can be justified on either or both grounds. *See Fairview Twp., York Cnty., Com. of Pa. v. U.S. E.P.A.*, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

requires that "the firearm facilitated, or *had the potential of facilitating, the felony offense*" (emphasis added)).

B.      *Three-Point Enhancement Pursuant To § 4A1.1(a)*

Jones also argues that the District Court erred in assigning him three criminal history points after accepting the PSR's conclusion that he was incarcerated in connection with another offense during the relevant fifteen-year time period. The Sentencing Guidelines provide for an enhancement of three points for a prior sentence of imprisonment exceeding one year and one month, U.S.S.G. § 4A1.1(a), that resulted in the defendant being incarcerated within fifteen years of the commission of the instant offenses, U.S.S.G. § 4A1.2(e)(1). When parole is revoked, the original term of imprisonment is added to any term imposed upon revocation in calculating the duration of the sentence. U.S.S.G § 4A1.2(k)(1). Jones claims that the records relied upon in the PSR do not show the date of his release from incarceration or if he served his sentence in an alternative housing program.

Because the offense for which Jones is now being sentenced occurred at the latest on February 8, 2008,[5]  in order to apply a three-point enhancement pursuant to § 4A1.1(a), the District Court was required to find that Jones was incarcerated after February 8, 1993 for a prior offense bearing a sufficient maximum term of

---

[5] While the offense charged in Count One, distribution of marijuana, occurred on February 7, 2008, the offense charged in Count Two, unlawful possession of a firearm by a convicted felon, occurred on February 8, 2008.

7

imprisonment.[6]  The basis for such a finding exists in the prior sentence Jones received for crimes committed in 1991 that resulted in Jones's guilty plea to a four-count indictment charging him with simple assault and witness intimidation.  In connection with those offenses, the Pennsylvania Court of Common Pleas sentenced Jones to a term of imprisonment of not less than four months and not more than twelve months.  Jones's sentence also included four years of probation.  On February 8, 1993, Jones's probation for his 1991 offenses was revoked because he was charged with aggravated assault and carrying a firearm without a license.  His probation was converted to a term of imprisonment of not less than six months and not more than twelve months, with a recommendation for alternative housing in a local drug treatment facility.  Adding the original maximum sentence to the maximum sentence imposed upon revocation, a sentence of imprisonment exceeding one year and one month was imposed.  The three-point enhancement under § 4A1.1(a) was thus proper as long as Jones was incarcerated for the prior crime within fifteen years of committing the now-pending offenses.

Jones argues that the records relied upon by the District Court do not show the date of his last release from incarceration in connection with the 1991 offenses, nor do these records show whether he served his sentence in alternative housing, in which case (he asserts) he would not have served time in prison for purposes of assessing the applicability of § 4A1.1(a).  Those arguments are unavailing.

---

[6] The duration of the prior sentence is calculated on the basis of the maximum sentence imposed.  U.S.S.G. § 4A1.2(b)(1).

The District Court concluded that because Jones's probation for his 1991 offenses was revoked on February 8, 1993, he was in jail within the fifteen-year time period of Jones's commission of the instant offense. Jones acknowledges that he was in prison on that date, but claims that he was serving a sentence for a different offense and argues that the government has not proven that he did not serve his sentence for the 1991 offenses at an alternative housing facility. There is, however, ample evidence in the record to have allowed the District Court to conclude that Jones was imprisoned within the revenant fifteen-year period for the 1991 offenses. It was not the government's burden to negate every conceivable scenario Jones could advance for why he might have been in prison for something other than those crimes. The District Court therefore did not commit clear error in applying a three-point addition to his criminal history score.

## III.    Conclusion

For the forgoing reasons, we will affirm the judgment of the District Court.